# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY M. ESPARZA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-cv-00782-RWS |
| DIANE MANLEY, et al., | ) ) ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Zackary Driskell, Diane Manley, Derek Bouse, Monty Wright, and Crawford County, by and through counsel, for partial judgment on the pleadings. (Docket No. 32). For the reasons discussed below, the Court will grant defendants' motion.

**Standard of Review**

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed "under the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

**Background**

Plaintiff filed a pro se civil complaint pursuant to 42 U.S.C. § 1983 on May 18, 2018, naming as defendants the Crawford County Sheriff's Department and Diane Manley. (Docket No. 1). Along with the complaint, plaintiff also filed a motion to appoint counsel. (Docket No. 4). The complaint generally alleged that defendants had not allowed him to use his electronic voice box while incarcerated at the Crawford County Jail. Without the voice box, plaintiff was unable to verbally communicate.

On August 15, 2018, the Court granted plaintiff's motion for appointment of counsel. (Docket No. 6). The Court noted that plaintiff had stated serious allegations and believed that he could benefit from legal assistance. Appointed counsel was directed to file an amended complaint.

Plaintiff filed an amended complaint on December 7, 2018. (Docket No. 13). The amended complaint named the Crawford County Sheriff's Department, Diane Manley, Zackary Driskell, Derek Bouse, and Monty E. as defendants. Defendants filed a motion to dismiss the Crawford County Sheriff's Department pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 24). Plaintiff responded by filing a second amended petition terminating the Crawford County Sheriff's Department, and naming as defendants Derek Bouse, Zackary Driskell, Monty Wright, Diane Manley, and "K – Badge #757." (Docket No. 27). Defendants were sued in both their official and individual capacities.

On March 1, 2019, defendants filed an answer to plaintiff's second amended complaint. (Docket No. 30). On March 22, 2019, defendants filed a motion for partial judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c). (Docket No. 32). Defendants also filed a memorandum in support of their motion. (Docket No. 33). Plaintiff filed a memorandum in opposition to defendants' motion on April 19, 2019. (Docket No. 37). Defendant's reply was filed on May 3, 2019. (Docket No. 40).

**Defendants' Motion for Partial Judgment on the Pleadings**

Defendants' motion seeks judgment on several claims. (Docket No. 32 at 2). First, defendants Driskell, Manley, Bouse, and Wright seek to have their official capacity claims dismissed as duplicative, as Crawford County is also named as a defendant in the action. Second, defendants seek judgment on the pleadings with regard to the failure to supervise claim in Count IV, because plaintiff has failed to state a claim. Finally, defendants seek judgment on the pleadings on the failure to protect claim in Count V, regarding black mold exposure, because plaintiff has failed to allege an unconstitutional condition of confinement and has failed to establish defendants' liability.

**Discussion**

As noted above, defendants seek judgment on the pleadings with regards to the official capacity claims against defendants Driskell, Manley, Bouse, and Wright; the failure to supervise claim in Count IV; and the failure to protect claim in Count V. For the reasons discussed below, the Court finds that defendants' motion should be granted.

**A. Official Capacity Claims Against Defendants Driskell, Manley, Bouse, and Wright**

Defendants seek dismissal of the official capacity claims against Driskell, Manley, Bouse, and Wright. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public

employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, defendants are alleged to be employees of Crawford County; thus, plaintiff's official capacity claims actually constitute an action against that entity. As defendants point out, Crawford County is already named as a defendant. The official capacity claims against these individuals are therefore redundant and should be dismissed. *See King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018) (stating that "as a suit against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named"). Accordingly, defendants' motion for judgment on the pleadings as to the official capacity claims against Driskell, Manley, Bouse, and Wright in Counts I, II, III, IV, and V must be granted.

### B. Failure to Supervise Claim in Count IV

Defendants also seek dismissal of the failure to supervise/train claim in Count IV. As plaintiff clarifies in his response, Count IV is directed only at defendant Manley and defendant Crawford County. (Docket No. 37 at 7).

### i. Claim Against Defendant Manley

Vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). As such, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). The standard used to determine liability for failure to train is deliberate indifference. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). To show deliberate indifference, a plaintiff must prove that the defendant had notice that the procedures were inadequate and likely to result in a violation of his constitutional rights. *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). *See also Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8th Cir. 2011) (stating that in order to maintain an action for training or supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury).

In the second amended complaint, plaintiff alleges that "Driskell failed to adequately train his employees on how to handle someone with a disability." (Docket No. 27 at 13). He also claims that Driskell had "over a month to research what an electrolarynx was and inform his staff that it was a necessary medical device," but did not do so.

Even accepting these facts as true, plaintiff has failed to state a claim. While plaintiff broadly asserts that Driskell failed to "adequately train his employees," he does not provide any facts to demonstrate the type of training that did or did not occur, or how the training that did occur was inadequate. There are also no facts showing that the purported failure to train actually caused plaintiff's constitutional rights to be violated. "[D]eliberate indifference is a stringent standard of

fault." *See Bd. Of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). Proving deliberate indifference requires more than the mere assertion that defendant Driskell could have trained other employees better. Therefore, defendants' motion for judgment on the pleadings as to the individual capacity claim against Driskell in Count IV must be granted.

### ii. Claim Against Crawford County

A local governing body such as Crawford County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability for such a claim may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).

In Count IV, plaintiff asserts that Crawford County is liable for failing to train its employees. The issue in such a claim is whether the training program is adequate, and if it is not, whether such inadequate training can be said to represent county policy. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). To state a failure to train claim, there must be a "pattern of similar constitutional violations by untrained employees" in order "to demonstrate deliberate indifference." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff has not alleged facts showing that Crawford County's training program was inadequate, much less that the inadequate training represented county policy. There are also no factual allegations indicating that Crawford County was put on notice by a pattern of similar constitutional violations by untrained employees. Therefore, defendants' motion for judgment on the pleadings as to the claim against Crawford County in Count IV must be granted.

## C. Failure to Protect Claim in Count V

Finally, defendants seek dismissal of the failure to protect claim in Count V regarding plaintiff's alleged exposure to black mold.

### i. Individual Capacity Claims

"The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010). Under the Eighth Amendment, prison officials are required to provide inmates with humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to allege a constitutional violation, a prisoner must prove that the defendant's conduct deprived him "of the minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Specifically, a plaintiff "must show that (1) the alleged deprivation is objectively, sufficiently serious…and (2) that the prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning that the officials actually knew of and disregarded the risk." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not established the liability of any of defendants for failing to protect him from black mold. First, there are no allegations to the effect that any of the defendants are responsible for the purported black mold. Second, there are no allegations to the effect that any of the defendants disregarded the risk of the purported black mold. Indeed, plaintiff only identifies one defendant by name – defendant Manley – with regard to the black mold claim. Rather than demonstrating that defendant Manley ignored the issue of black mold, plaintiff acknowledges that she provided daily cleaning supplies, including a scrub brush, mop, and bleach water. In short, plaintiff has not shown a causal link between any of the individual defendants and the unconstitutional condition of confinement of which he complains. Therefore, defendants' motion for judgment on the pleadings as to the individual capacity claims in Count V must be granted.

### ii. Crawford County Claim

As noted above, liability against Crawford County may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick*, 883 F.3d at 1089. *See also Marsh*, 902 F.3d at 751.

To show the existence of an unconstitutional policy, plaintiff must identify an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Such a policy can be "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom" by demonstrating:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's facts do not support the proposition that Crawford County is liable for black mold due to an unconstitutional policy or custom. As to policy, plaintiff points to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" regarding mold treatment or exposure. As to custom, plaintiff does not allege that Crawford County policymakers received notice of a widespread problem, or that they were deliberately indifferent to the problem upon notice. Therefore, defendants' motion for judgment on the pleadings as to the claim against Crawford County in Count V must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial judgment on the pleadings (Docket No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the official capacity claims against defendants Zackary Driskell, Diane Manley, Derek Bouse, and Monte Wright in Counts I, II, III, IV, and V of plaintiff's second amended complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Count IV of plaintiff's second amended complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Count V of plaintiff's second amended complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that an appeal from this partial judgment on the pleadings would not be taken in good faith.

Dated this 24th day of September, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE